1  JOHN LANAHAN
   CA State Bar Number 133091
2  550 West C Street, Suite 1670
   San Diego, CA 92101-8857
3  (619) 237-5498
   FAX: (619) 237-8898
4  E-mail: lawnahan@sbcglobal.net

5  *Attorney for Petitioner Clarke Sheldon Lowe*

FILED
07 NOV 21 PM 3: 44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE SHELDON LOWE, | Civ. No. 07CV |
| Petitioner, | '07CV 2232 LAB (CAB) |
| v. | |
| JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation, | **PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY** |
| Respondent. | |

**PETITION**

This petition is in the same format and responds to all the questions contained in this Court's recommended form, dated January, 2006, located on the Court's website:

//

1. The name and location of the court which entered the judgment of conviction under attack is the Superior Court of San Diego, Central Judicial District, Department 19, 220 West Broadway, San Diego, California, 92101.

//

2. The petitioner was convicted of one count of forcible rape, rape with a foreign object, simple kidnaping, and indecent exposure on April 1, 2004. The first three convictions are under attack in this petition. The judgment of conviction was imposed on July 16, 2004, when the petitioner was sentenced prison a determinate term eight years in prison followed

1

by an indeterminate prison term of twenty-five years to life.

//

3. The case number of the judgment of conviction being challenged is SCD177421.

//

4. The sentence imposed is an eight year determinate sentence for sexual penetration by force, in violation of California Penal Code § 289(a)(1), followed by an indeterminate sentence of twenty-five years to life for forcible rape, in violation of California Penal Code §§ 261(a)(2) and 667.61(a).

//

5. The sentence commenced the day the petitioner was arrested, September 12, 2003. There is no projected release date.

//

6. The petitioner was convicted of forcible rape, in violation of California Penal Code § 261(a)(2) [count one]; convicted of forcible sexual penetration, violation of California Penal Code § 289(a)(1) [count two]; acquitted of kidnaping for rape, in violation of California Penal Code § 209(b)(1) and convicted of the lesser-included offense of kidnaping, in violation to California Penal Code § 207 [count three]; and convicted of indecent exposure, in violation of California Penal Code § 314.1 [count four]. The jury also made true findings on count one, (1) that the movement of the victim substantially increased the risk of harm to her, over and above the risk necessarily inherent in the underlying offense, in violation of California Penal Code § 667.61(d)(2); and (2) that the petitioner kidnaped the victim in violation of California Penal Code § 207, within the meaning of California Penal Code § 667.61(b)(c), and (e). The eight year upper term sentence for kidnaping was stayed pursuant to California Penal Code § 654.

//

7. The petitioner pled not guilty to all counts of conviction.

//

8. The petitioner was convicted after a jury trial.

9. The petitioner did not testify at trial.

//

**DIRECT APPEAL**

10. The judgment and conviction were appealed to the California Court of Appeal, Fourth Appellate District, Division One.

//

11. The convictions and sentences were affirmed by that Court in case number D044761, in an unpublished decision, on May 25, 2005, by Justices Aaron, McConnell, and Nares. The petitioner raised the following five issues on direct appeal:

    a. the trial court erred in refusing to sever counts one through three from count four;

    b. the trial court erred in admitting evidence of a prior sexual offenses under California Evidence Code §§ 1101(b) and 1108;

    c. the trial court erred in admitting testimony concerning statements the petitioner made when stopped on September 4, 2003;

    d. the trial court erred in refusing a lesser included offense instruction concerning the kidnaping enhancement under California Penal Code § 667.61(d), and its instructions on that enhancement were incorrect and confusing, and

    e. the upper term consecutive sentence of eight years on count two violated *Blakely v. Washington*, 542 U.S. 296 (2004).

//

12. On August 24, 2005, the California Supreme Court denied the Petition for Review in case number S135191 from the affirmance by the California Court of Appeal in case number D044761. The petitioner raised the same five issues he raised on direct appeal.

//

13. The petitioner did not file a Petition for Writ of Certiorari to the United States Supreme Court.

**COLLATERAL REVIEW IN STATE COURT**

//

14. The petitioner filed a petition for writ of habeas corpus in the Superior Court of San Diego County.

//

15. The case number was HC18701, filed on November 9, 2006. It raised the following claim:

> a. Ineffective assistance of trial counsel arising from the failure of trial counsel (1) to object that the imposition of a sentence of twenty-five years to life on count one, pursuant to California Penal Code § 667.61(a), was precluded by the jury verdict of not guilty on count three, kidnaping for rape, and (2) to move to suppress DNA samples taken from the petitioner as a result of a stop on September 4, 2003.

That petition was denied without an evidentiary hearing on January 4, 2007. The Superior Court rejected the claim the petitioner was denied effective assistance of trial counsel because (1) he suffered no prejudice from trial counsel's failure to challenge the use of "substantial increase in risk" as a sentencing enhancement because it found the finding of not guilty of the offense of kidnaping for rape "does not preclude the respective enhancements for different offenses for which the enhancement was also available," and (2) the petitioner had failed to state a *prima facie* case that he arrest was without probable cause and therefore an illegal investigatory detention.

//

16. The Petitioner filed a petition for writ of habeas corpus before the California Court of Appeal, Fourth Appellate District, Division One, on April 4, 2007, in case number D050608.

//

17. That petition raised the same claim as that in HC 18701, as well as an additional claim arising from the intervening decision of the United States Supreme Court in

*Cunningham v. California*, ___U.S.___, 127 S.Ct. 856 (2007). That additional claim was that the trial court had erred in imposing an upper term consecutive sentence of eight years for forcible sexual penetration, in violation of California Penal Code § 289(a)(1) [count two], based upon facts not found by a jury. The Court of Appeal addressed the claims on the merits and denied the petition on August 22, 2007, without an evidentiary hearing. It denied the petition because it found the petitioner had failed to state a *prima facie* case for relief on any of the claims under *People v. Duvall*, 9 Cal.4th 464, 474-475 (1995). Specifically, it found the petitioner conceded that under California law, in light of the California Supreme Court's recent decision in *People v. Black*, 41 Cal.4th 799 (2007), that he was not entitled to relief from the imposition of consecutive sentences based upon facts not found by the jury. The California Court of Appeal also found the petitioner had failed to make a *prima facie* case on the claim of ineffective assistance because (1) he failed to show prejudice arising from the failure of trial counsel to object on the basis of double jeopardy to the use of the finding of "substantial increase in the risk of harm" resulting from the movement of the victim as an aggravating factor to impose a sentence of twenty-five years to life under California Penal Code § 667.61(a), and (2) even though DNA evidence was seized from the petitioner as a result of an arrest for which there was no probable cause, the Court of Appeal found there could have been evidence to support consent to the seizure of DNA and the possibility that a later legal arrest of the petitioner would have rendered the seizure of DNA evidence inevitable.

//

18. Petitioner filed a Petition for Review with the California Supreme Court on August 31, 2007, in case number S155949.

//

19. The petitioner raised the same grounds in that petition as before the California Court of Appeal for the Fourth Appellate District, Division One, in case number D050608. That petition was denied without comment on November 14, 2007.

//

1   20. Not applicable (a Petition for Habeas Corpus was filed in the California Supreme Court).

//

21. This is the first federal petition for writ of habeas corpus challenging the petitioner's convictions in Superior Court case number SCN177421.

//

22. **GROUNDS FOR RELIEF**

**A. Ground one: ineffective assistance of trial counsel**

Petitioner's convictions and sentences for rape, kidnaping, and forcible sexual penetration are unlawful because he was denied effective assistance of trial counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States constitution, and as interpreted by United States Supreme Court in *Strickland v. Washington*, 466 U.S. 688 (1984).

Supporting facts:

> **a. Failure to object that use of "kidnaping" enhancement at sentencing, where the jury had acquitted the petitioner of kidnaping for rape at trial, violated double jeopardy.**

The petitioner was charged in count three with the offense of kidnaping for rape of Kyle S., in violation of California Penal Code § 209. The jury acquitted him of that offense and instead found him guilty of the lesser-included offense of simple kidnaping under California Penal Code § 207 [Petitioner's Exhibit B-4, p. 9]. One of the elements of California Penal Code § 209, as stated in section 209(b)(2), is that the offense requires a finding that "the movement [of the victim] is not merely incidental to the commission of the rape and where the movement increases the risk of harm to the person moved over and above that necessarily present in the crime of rape itself." The jury also made true findings on counts one and two, that (1) the petitioner kidnaped Kyle S, and the movement of her substantially increased the risk of harm, over and above the level of risk necessarily inherent in the underlying offense, in violation of California Penal Code § 667.61(d)(2), and (2) she had been kidnaped in violation of California Penal Code § 207, within the meaning of

1  California Penal Code § 667.61(b), (c), and (e).

2        The trial court used the finding that the movement of Kyle S. had substantially increased the risk of harm, over and above the level of risk necessarily inherent in the underlying offense, to impose a sentence of twenty-five years to life under California Penal Code § 667.61(a), rather than a sentence of fifteen years to life under California Penal Code § 667.61(b). Trial counsel failed to object that under the collateral estoppel doctrine of the double jeopardy clause of the Fifth Amendment to the United States Constitution, as interpreted by the United States Supreme Court in *Ashe v. Swenson*, 397 U.S. 436 (1970), the finding of not guilty on count three, kidnaping for rape, precluded the use of the finding of "substantial risk" to increase the petitioner's sentence from fifteen years to life, as required by California Penal Code § 667.61(b), to twenty-five years to life, as required by California Penal Code § 667.61(a).

//

### b. Failure to move to suppress seizure of DNA from stop of September 4, 2003

      At trial, San Diego Police officer Jaime Conti testified he assisted Jana Beard, a sex crimes Detective with the San Diego Police Department, and another San Diego police officer in the stop of the petitioner in his car in Pacific Beach on September 4, 2003. During that stop, Conti took mouth swabs from the petitioner for DNA. These were later analyzed and compared with semen stains found on Kyle S.'s shorts and found to match the petitioner's DNA. During the trial, the petitioner moved to exclude statements made to Detective Beard during that stop on the basis that the petitioner was in custody and not given *Miranda* warnings, and that the statements had taken in violation of the Fourth Amendment. The petitioner's trial counsel also argued the stop of the petitioner on September 4, 2003, was without probable cause, as seen by the decision of the police to release him after he had been held for over half an hour. The trial court denied the motion to suppress statements taken on September 4, 2003, finding the petitioner was not in custody on September 4, 2003,and therefore *Miranda* warnings were not required. The failure of trial counsel to move to suppress the DNA evidence seized during this arrest on the basis of lack of probable

1  cause prevented the petitioner from suppressing the DNA evidence that directly linked him
2  to the most serious offenses charged in counts one and two. The California Court of Appeal
3  found that the stop was without probable cause, but found no ineffective of trial counsel
4  because there could have been evidence to support consent to the seizure of DNA and the
5  possibility that a later legal arrest of the petitioner would have rendered the seizure of DNA
6  evidence inevitable.
7  //

### B. Ground Two: Imposition of consecutive upper term sentence based upon factors not found by the jury

The petitioner was denied his right under the Sixth and Fourteenth Amendments to the United States Constitution, as interpreted by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, ___U.S.___, 127 S.Ct. 858 (2007), to have a jury find all facts used to increase the statutory maximum sentence, because the trial court imposed consecutive sentences based upon facts not found by the jury.

Supporting facts

The jury found the petitioner guilty of rape, rape by a foreign object, and indecent exposure. It also made true findings that the petitioner kidnaped Kyle S., over and above the level of risk necessarily inherent in the underlying offense, and that he kidnaped her within the meaning of California Penal Code § 207. Based upon the true finding of kidnaping, the trial court imposed an indeterminate sentence of twenty-five to years to life on count one pursuant to California Penal Code § 667.61(a), followed by a determinate sentence of eight years in prison on count two. The petitioner specifically objected that the imposition of a full upper term consecutive sentence for count two violated *Blakely v. Washington*, 542 U.S. 296 (2004), which had recently been decided. The trial court overruled the objection and imposed a full upper term consecutive sentence on count two, finding no circumstances in mitigation and finding several factors in aggravation under the California Rules of Court, specifically: (1) vulnerable victim (California Rules of Court, Rule 4.421(a)(3)); (2) the imposition of a concurrent term for count four, indecent exposure (California Rules of Court, Rule 4.421(a)(7)); (3) the manner of the crime showed planning and sophistication

1  (California Rules of Court, Rule 4.421(a)(8)); (4) the petitioner took advantage of a position
2  of trust or confidence (California Rules of Court, Rule 4.421(a)(11)); (5) the petitioner
3  engaged in violent conduct (California Rules of Court, Rule 4.421(b)(1)); (6) the petitioner
4  had prior convictions of increasing seriousness (California Rules of Court, Rule 4.421(b)(3));
5  (7) the petitioner was on probation at the time the offense was committed (California Rules
6  of Court, Rule 4.421(b)(4)); and (8) his performance while on probation was unsatisfactory
7  (California Rules of Court, Rule 4.421(b)(5)).
8  //

### C. Ground Three: Admission of statement in violation of *Miranda v. Arizona*

The admission of the petitioner's post-arrest statement on September 4, 2003, violated the Fifth and Fourteenth Amendments, as interpreted by the United States Supreme Court in *Miranda v Arizona*, 384 U.S. 436 (1966); and *Dickerson v. United States*, 530 U.S. 428, 440 (2000). Contrary to the decision of the California Court of Appeal, the admission was not harmless, because it has a prejudicial and injurious effect or influence upon the jury's decision, the standard for prejudice under *Brecht v. Abrahamson*, 507 U.S. 169, 637 (1993).

Supporting facts

The petitioner was stopped while driving at approximately 1:30 a.m. on September 4, 2003, for a traffic violation. Detective Jana Beard, after being paged by the arresting officers, arrived at the scene of the traffic stop and encountered the petitioner while he was standing on the sidewalk by himself. Several police officers were standing about 15-25 feet away from him, near his car. At some point later, Officer James Conti arrived. Beard introduced herself to the petitioner and informed him that she was investigating several sexual assault cases that had occurred in the area, and that she was going to have his car impounded. Once Beard told the petitioner his car would be impounded, he became visibly agitated. He clenched his fists and told Beard that she could not take his car because he needed it. Beard told the petitioner his car matched the description of a car involved in several sexual assault cases in the area.

Beard questioned the petitioner and asked him if he had a girlfriend in the area. He

responded that he had an ex-girlfriend. Beard asked him when the last time was that he had been intimate with a woman. The petitioner responded by asking Beard what she was accusing him of and told her that she had "had better have [her] act together on this." The petitioner said that he had not had sex in three months. He asked Beard whether she was calling him a rapist. Beard stated that she had not used that word, and that she was not accusing him of any such thing. Beard also asked Lowe if he ever masturbated in his car. Lowe responded, "Is that what this is all about?"

During the questioning, Beard was not wearing a police uniform. She had a gun, which she did not display. Beard testified that she never told the petitioner that he was free to leave at any point during the questioning. She also testified that the petitioner was in fact free to leave, but that he did not do so. The petitioner was not restrained in any way during the interrogation. Beard estimated that the questioning lasted 10 to 15 minutes and said that the petitioner did not request that the conversation end at any point. Beard could not recall whether she left the scene before or after the petitioner did, but she did recall that he was offered a ride home. Beard testified that the impound report indicated that Lowe's car was impounded at 3:10 that morning.

The California Court of Appeal found that the trial court erred in failing to suppress the statement, because the petitioner reasonably believed he was in custody and *Miranda* warnings should have been given. It found the error harmless beyond a reasonable doubt.
//

23. No other petition or appeal from the petitioner's convictions and sentence in SCD177421 is pending in any state or federal court.
//

24. The attorneys who represented petitioner at the following stages were:

    (a) Preliminary Hearing: Terry Zimmerman, Office of the Public Defender, 233 A Street, San Diego, CA 92101, as appointed counsel;
//

    (b) Arraignment or plea: same as above;

(c) Jury trial: same as above;

//

(d) Sentencing: same as above;

//

(e) On direct appeal to the California Court of Appeal and the California Supreme Court, the petitioner was represented by Patrick J, Hennessey, Jr., 2356 Moore Street, Suite 201, San Diego, CA 92110, as appointed counsel;

//

(f) The petitioner filed two original petitions for writ of habeas corpus before the Superior Court of San Diego County in case number HC18701, and the California Court of Appeal in case number D050608. He filed a Petition for Review case number S155949 before the California Supreme Court from the denial of the habeas corpus petition in case number D050608. Counsel in all three petitions was John Lanahan, 550 West C Street, Suite 1670, San Diego, California 92101-8557.

//

26. The petitioner was sentenced on two counts of the information, for forcible rape, kidnaping and forcible sexual penetration; the sentence for kidnaping was stayed.

//

27. There is no future sentence the petitioner must serve in addition to the sentence imposed in SCD 177421.

//

28. The petitioner does NOT consent to having all proceedings decided by the magistrate judge.

//

29. This petition was filed on November 21, 2007.

//

1    Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be
2 entitled in this proceeding.

4 I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____            CLARKE SHELDON LOWE, Petitioner

DATED: November 21, 2007                     Respectfully submitted,

*[signature]*

John Lanahan,
CA Bar Number 133091
550 West C Street, Suite 1670
San Diego, CA 92101-8557
(619) 237-5498
FAX: (619) 237-8898
E-mail: lawnahan@sbclobal.net

*Attorney for Petitioner*

c:\myfiles\habeas\federal\lowe.c.2254.initial.jol

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE SHELDON LOWE, | ) Civil No. 06cv |
| | ) |
| Petitioner, | ) **PROOF OF SERVICE** |
| | ) |
| v. | ) |
| | ) |
| JAMES E. TILTON, Jr., Secretary, California, California Department of Corrections And Rehabilitation, | ) ) ) |
| | ) |
| Respondent. | ) |

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 550 West C Street, Suite 1670, San Diego, California, 92101-8557;

3) That I served the within <u>PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY</u> to be delivered an original and one copy thereof to the Office of the Clerk, 880 Front Street, San Diego, California, 92101;

4) That I mailed a copy to the Additional Respondent, Edmund G. Brown, Attorney General of the State of California, P.O. Box 85266, San Diego, CA 92186-5266;

5) At the petitioner's request, I caused an additional copy be delivered to his mother;

I certify under penalty of perjury that the foregoing is true and correct. Executed on November 21, 2007, at San Diego, California.

JOHN LANAHAN

JS 44 (Rev. 11/04)            **CIVIL COVER SHEET**      '07 CV 2232 LAB (CAB)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED 07 NOV 21 PM 3:44**
**CLERK U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**BY: ___ DEPUTY**

**I. (a) PLAINTIFFS**
CLARK SHELDON LOWE

**DEFENDANTS**
JAMES E. TILTON

**(b)** County of Residence of First Listed Plaintiff: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: SACRAMENTO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
JOHN LANAHAN 550 WEST C STREET SAN DIEGO CA 92101 (619)237-5455

Attorneys (If Known) EDMUND G. BROWN, JR.
ATT. GENERAL CALIFORNIA
P.O. BOX 85266-5266, SAN DIEGO, CA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☒ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 2254
Brief description of cause: HABEAS CORPUS PETITION BY STATE PRISONER

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 11/21/07
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 144762    AMOUNT $5.00    APPLYING IFP ___    JUDGE ___    MAG. JUDGE ___

Sa 11/21/07

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 144762     - SH

      November 21, 2007
          15:45:06


        Habeas Corpus
          07-02232
Judge..: M. JAMES LORENZ
Amount.:                  $5.00 CK
Check#.: BC3592


       Total->  $5.00


    FROM: LOWE V TILTON
```