1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  BARRY CARLTON
   Supervising Deputy Attorney General
5  SABRINA Y. LANE-ERWIN, State Bar No. 167819
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone:  (619) 645-2565
    Fax:  (619) 645-2271
9   Email:  Sabrina.LaneErwin@doj.ca.gov

10 Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14 **CLARKE SHELDON LOWE,** | 07cv2232 LAB (CAB) |
| 15 Petitioner, | **NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;** |
| 16 **v.** | **MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 17 **JAMES E. TILTON, Secretary,** | **SUPPORT THEREOF** |
| 18 Respondent. | **NO HEARING REQUIRED** |
| 19 | |
| 20 | The Honorable Cathy Ann Bencivengo |
| 21 | |

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

**Page**

3  MEMORANDUM OF POINTS AND AUTHORITIES ......... 3

4  INTRODUCTION ......... 3

5  PROCEDURAL BACKGROUND ......... 3

6  FACTUAL BACKGROUND ......... 5

7      **I.    THE PETITION SHOULD BE DISMISSED WITH PREJUDICE
        BECAUSE PETITIONER FAILED TO FILE IT WITHIN THE**
8      **STATUTE OF LIMITATIONS PERIOD** ......... 7

9  CONCLUSION ......... 12

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

Allen v. Lewis
255 F.3d 798 (9th Cir. 2001)                                    11

5

Bowen v. Roe
6      188 F.3d 1157 (9th Cir. 1999)                                   8

7      Carey v. Saffold
       536 U.S. 214
8      122 S. Ct. 2134
       153 L. Ed. 2d 260 (2002)                                    9, 10

9      Cunningham v. California
       ___ U.S.___
10     127 S. Ct. 856
       166 L. Ed. 2d 856 (2007                                        10
11

12     Evans v. Chavis
       546 U.S. 189
13     126 S. Ct. 846
       163 L. Ed. 2d 684 (2006)                                       9
14

       Furman v. Wood
15     190 F.3d 1002 (9th Cir. 1999)                                  7

16     Hasan v. Galaza
       254 F.3d 1150 (9th Cir. 2001)                                  8
17

       Lindh v. Murphy
18     521 U.S. 320
       117 S. Ct. 2059
19     138 L. Ed. 2d 481 (1997)                                       7

20     Miles v. Prunty
       187 F.3d 1104 (9th Cir. 1999)                                 11
21

       Miranda v. Arizona
22     384 U.S. 436
       86 S. Ct. 1602
23     16 L. Ed. 2d 694 (1966)                                      4, 5

24     Nino v. Galaza
       183 F.3d 1003 (9th Cir. 1999)                                  8
25

       Pace v. DiGuglielmo
26     544 U.S. 408
       125 S. Ct. 1807
27     161 L. Ed. 2d 669 (2005)                                      11

28

07cv2232

ii

**TABLE OF AUTHORITIES  (continued)**

Page

Raspberry v. Garcia
448 F.3d 1150 (9th Cir. 2006)                                    11

Smith v. Duncan
297 F.3d 809 (9th Cir. 2001)                                      8

**Statutes**

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)
Pub. L. No. 104-132, 110 Stat. 1214 (1996)                   7-9, 11

28 United States Code
        § 2244 (d)                                            7, 12
        § 2244 (d)(1)(B)                                          8
        § 2244 (d)(1)(C)                                          8
        § 2244 (d)(1)(D)                                          8
        § 2244 (d)(2)                                             8

California Penal Code
        § 207                                                     3
        § 261, subd. (a)(2)                                       3
        § 289, subd. (a)(1)                                       3
        § 314                                                     3
        § 667.61, subd. (b)                                       3
        § 667.61, subd. (c)                                       3
        § 667.61, subd. (d)(2)                                    3
        § 667.61, subd. (e)                                       3

07cv2232

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | BARRY CARLTON
Supervising Deputy Attorney General
5 | SABRINA Y. LANE-ERWIN, State Bar No. 167819
Deputy Attorney General
6 |  110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone:  (619) 645-2565
Fax:  (619) 645-2271
9 | Email:  Sabrina.LaneErwin@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | **CLARKE SHELDON LOWE,** | 07cv2232 LAB (CAB)

15 | Petitioner, | **NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

16 | **v.**

17 | **JAMES E. TILTON, Secretary,**

18 | Respondent. | **NO HEARING REQUIRED**

19 |

20 | The Honorable Cathy Ann Bencivengo

21 |

22 |         **RESPONDENT**, James E. Tilton, Secretary of the California Department of Corrections

23 | and Rehabilitation, by and through counsel Edmund G. Brown Jr., Attorney General of the State of

24 | California, and Sabrina Y. Lane-Erwin, Deputy Attorney General, moves this Court, pursuant to

25 | Rule 4 of the Rules Governing § 2254 Cases, for dismissal of the Petition for Writ of Habeas

26 | Corpus.  Respondent seeks dismissal on the ground that Petitioner failed to file his Petition for Writ

27 | of Habeas Corpus within the one-year statute of limitations set forth in 28 U.S.C. § 2244 (d).

28 |

07cv2232

1

## CONCLUSION

2      Wherefore, Respondent respectfully requests that the Petition for Writ of Habeas Corpus

3 be dismissed with prejudice.

4      Dated:  March 24, 2008

5                              Respectfully submitted,

6                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

7                              DANE R. GILLETTE
                               Chief Assistant Attorney General

8                              GARY W. SCHONS
                               Senior Assistant Attorney General

9

10                             BARRY CARLTON
                               Supervising Deputy Attorney General

11

12                             s/Sabrina Y. Lane-Erwin
                               SABRINA Y. LANE-ERWIN
13                             Deputy Attorney General

14                             Attorneys for Respondent
                               E-Mail:  Sabrina.LaneErwin@doj.ca.gov

15

16 SYLE:mgs
   80219136.wpd
17 SD2007701166

18

19

20

21

22

23

24

25

26

27

28

07cv2232

2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

3

**INTRODUCTION**

4    Petitioner's current Petition in this Court was not filed within the applicable one-year

5    statute of limitations.  His state conviction became final at the conclusion of his efforts on direct

6    appeal in 2005.  And, although Petitioner first sought state habeas corpus relief in the state trial court

7    just before the one-year statute of limitations expired, he waited yet another three months between

8    the denial of the trial court habeas petition and the filing of a habeas petition in the California Court

9    of Appeal.  The issues raised in the California Court of Appeal habeas petition included the same

10   two grounds Petitioner raised in the trial court habeas petition, plus a claim that he had raised on

11   direct appeal.  Thus, all three claims had already been developed and presented in previous court

12   filings.  The counsel who represented Petitioner for both petitions was well aware of the one-year

13   statute of limitations, and that same attorney still represents Petitioner before this Court.  The three-

14   month delay between denial of the trial court habeas petition and the filing of the appellate court

15   habeas petition was too great to warrant tolling between the two petitions.  Thus, the statute of

16   limitations, which had nearly expired before the filing of the trial court habeas petition, expired

17   during that three-month gap between state court habeas petitions.  Accordingly, the Petition should

18   be dismissed with prejudice.

19

**PROCEDURAL BACKGROUND**

20   A jury convicted Petitioner of forcible rape in count 1 (Cal. Penal Code, § 261, subd.

21   (a)(2)), rape by a foreign object in count 2 (Cal. Penal Code, § 289, subd. (a)(1)), kidnapping in

22   count 3 (Cal. Penal Code, § 207) and indecent exposure in count 4 (Cal. Penal Code, § 314).  The

23   jury also found that as to counts 1 and 2, Petitioner kidnapped the victim within the meaning of

24   California's One Strike Law (Cal. Penal Code, § 667.61, subds. (b), (c), and (e)) and that Petitioner

25   kidnapped the victim and the movement of her substantially increased her risk of harm within the

26   meaning of the One Strike Law (Cal. Penal Code, § 667.61, subd. (d)(2)).  (Lodgment 5 at 1-2.)  The

27

28

3

07cv2232

trial court sentenced Petitioner to 25 years to life for forcible rape, and 8 years for rape by a foreign object. The court imposed a concurrent and a stayed term for the remaining two counts. (Lodgment 5 at 2.)

In an unpublished, reasoned opinion filed May 25, 2005, in case number D044761, the California Court of Appeal, Fourth Appellate District, Division One, affirmed the conviction in all respects. (Lodgment 5 at 41.)

On or about July 1, 2005, Petitioner filed a Petition for Review with the California Supreme Court, case number S135191, seeking discretionary review of the state Court of Appeal's opinion in case number D044761. Two of the claims that Petitioner raised are included in the current Petition: one claim asserted a Miranda[1] violation, and another claimed sentencing error. (Lodgment 6.) On August 24, 2005, the California Supreme Court denied the petition for review. (Lodgment 7.)

On November 9, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego County Superior Court, case number HC18701. The two claims Petitioner presented were based upon ineffective assistance of counsel. Both of those claims are included in the current petition. (Lodgment 8.) On January 4, 2007, the court denied the petition in a reasoned opinion. (Lodgment 9.)

On April 4, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Fourth Appellate District, Division One, case number D050608. Petitioner raised three claims in the petition, including the two ineffective assistance of counsel claims he raised in the superior court habeas petition, and the sentencing claim he had previously raised on direct appeal. (Lodgment 10.) On August 22, 2007, the Court denied habeas relief on the merits in a reasoned opinion. (Lodgment 14.)

On August 31, 2007, Petitioner filed a Petition for Review with the California Supreme Court seeking discretionary review of the state Court of Appeal's denial in case number D050608. That petition included the same two ineffective assistance of counsel claims and a slightly varied

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

sentencing claim. (Lodgment 15.) On November 14, 2007, the California Supreme Court denied the Petition for Review. (Lodgment 16.)

On November 21, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus (Petition). The petition presents four claims for relief, including the <u>Miranda</u> claim he made on direct appeal, the sentencing claim he made on direct appeal and in his state habeas corpus petitions, and the two ineffective assistance of counsel claims he made on state habeas corpus. Specifically, he complains his counsel was ineffective for two reasons: (1) for failing to object on the basis of double jeopardy to the use of the One Strike kidnapping finding to impose a 25-years to-life sentence because the jury found Petitioner not guilty of a kidnap for rape charge;[2/] and (2) for failing to move to suppress the DNA evidence the police collected from Petitioner because there was no probable cause to support the stop. Petitioner also argues the trial court improperly relied upon facts not found by a jury when it imposed the upper term for rape by a foreign object. Finally, Petitioner argues the admission of his post-arrest statements violated <u>Miranda</u>, 384 U.S. 436. (Petition at 6-10.)

On December 4, 2007, this Court ordered Respondent to file either a Motion to Dismiss or an Answer to the Petition.

## FACTUAL BACKGROUND[3/]

The first three crimes involved a victim named K.S. Late one evening in August 2003, K.S. was walking home from a bar in Pacific Beach, when Petitioner pulled up in his truck and offered her a ride home. She accepted. But rather than stopping at her apartment, and despite her insistence that he stop, he kept driving and pulled over in a dark side street. When she reached for the door handle, Petitioner grabbed her neck and strangled her. He then raped her. Afterwards, he drove a short distance and let her out of his car. K.S. memorized part of Petitioner's license plate

2. The jury instead found Petitioner guilty of the lesser offense of simple kidnapping. (Lodgment 5 at 7.)

3. Respondent includes an abbreviated statement of facts derived from the direct appeal opinion. If this Court desires a more detailed factual background, including citation to the trial transcripts, Respondent will provide it.

07cv2232

1   and immediately reported the rape to two people she saw near a gas station. One of them called the

2   police. A sexual assault examination revealed scratches and a red mark on the victim's neck, bruises

3   on an arm and leg, lacerations to her perineum and urethral tissue, redness at the base of her vaginal

4   opening, and injury to her cervix. All of these injuries are consistent with nonconsensual sexual

5   activity. (Lodgment 5 at 4-6.)

6          The indecent exposure offense involved a victim named Jessica. Late one night in July

7   2003, Jessica was walking a dog in Pacific Beach when Petitioner pulled up in his car and told her

8   he wanted to show her something. His hands were in his lap and he was pointing toward his lap.

9   As Jessica walked away, Petitioner yelled to get her attention, and she saw him masturbating while

10   leaning out of his car window. She memorized his license plate number and reported it to the police.

11    (Lodgment 5 at 3-4.)

12          An uncharged offense admitted at trial involved a victim named Veronica. In September

13   2002, she was walking in the parking lot at Grossmont College when Petitioner pulled up in his

14   truck and stopped a few feet from her, staring at her. Veronica realized Petitioner was masturbating.

15   (Lodgment 5 at 3.)

16          In early September 2003, a police officer stopped Petitioner for a traffic violation. His car

17   matched the description the victims had provided. During that stop, a police officer took swabs from

18   the inside of Petitioner's mouth. (Lodgment 5 at 6.)

19          Approximately one week later, the police arrested Petitioner.    Following a

20   Miranda warning and waiver, Petitioner admitted that in September 2002, he had masturbated in his

21   truck within view of a female at Grossmont College. He also stated he had an exaggerated sex drive.

22   When the detective asked him about the last time he had sexual intercourse, he responded that he

23   was uncomfortable answering that question. (Lodgment 5 at 6.)

24          An examination of Petitioner's vehicle revealed semen throughout the driver and

25   passenger side. (Lodgment 5 at 6.)   Semen from K.S.'s shorts matched Petitioner's DNA.

26   (Lodgment 5 at 7.)

27

28

07cv2232

# I.

## THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PETITIONER FAILED TO FILE IT WITHIN THE STATUTE OF LIMITATIONS PERIOD

Because the pending petition was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999), *citing* Lindh v. Murphy, 521 U.S. 320, 336-338, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997).  As amended by the  AEDPA, 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

07cv2232

1    It is the Petitioner's burden to show compliance with AEDPA's statute of limitations.

2  Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2001).  Petitioner has not done so, and the procedural

3  history demonstrates that the petition is untimely.

4    The date on which the state court judgment becomes final by the conclusion of direct

5  review or the expiration of time for seeking such review, has been held to include ninety days for

6  seeking a writ of certiorari from the United States Supreme Court.  Bowen v. Roe, 188 F.3d 1157,

7  1159 (9th Cir. 1999).

8    Nothing in the instant petition indicates Petitioner was prevented from filing a federal

9  petition by state action or that the constitutional rights he is asserting have been newly recognized

10  by the United States Supreme Court.  Therefore, the provisions of § 2244 (d)(1)(B) and (C) do not

11  apply.

12    The provisions of § 2244 (d)(1)(D) do not apply either.  The factual predicates underlying

13  the claims presented in the instant petition concern pre-trial issues or trial issues Petitioner would

14  have been aware of at that time.  Thus, the factual predicates were known to Petitioner since his trial.

15  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (the statute of limitations "begins

16  when the prisoner knows (or through diligence could discover) the important facts, not when the

17  prisoner recognizes their legal significance.").

18    Consequently, Petitioner's judgment became final on November 22, 2005, that is, ninety

19  days following the California Supreme Court's August 24, 2005, denial of Petitioner's Petition for

20  Review.  Therefore, absent tolling, Petitioner had until November 22, 2006, to file a federal petition.

21    The statute of limitations is not tolled "from the time a final decision is issued on direct

22  state appeal [to] the time the first state collateral challenge is filed."  Nino v. Galaza, 183 F.3d 1003,

23  1006 (9th Cir. 1999).  As previously noted, the limitations period commenced on November 22,

24  2005, and did not stop until Petitioner filed his first state habeas petition in the San Diego Superior

25  Court on November 9, 2006.  Thus, this 352-day period is not tolled.

26    The AEDPA does toll its one-year limitations period for the "time during which a properly

27  filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C.

28

07cv2232

§ 2244 (d)(2); <u>Nino</u>, 183 F.3d. at 1006.  Accordingly, the limitations period is tolled for the period when Petitioner's San Diego Superior Court state habeas petition was pending (from November 9, 2006, to January 4, 2007).

But Petitioner is not entitled to tolling for the period of time between when the superior court denied relief and when he filed his petition in the California Court of Appeal.  In <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002), the Supreme Court determined that the time an application for state postconviction review is "pending" includes the interval between the lower state court's adverse decision and the prisoner's filing of a Notice of Appeal in the higher state court, provided that the filing of that notice is timely under state law.  *See* <u>Carey</u>, 536 U.S. at 222-23.  Under California's system of collateral review, a request for review[4] is considered timely if it is filed within a "reasonable time."  <u>Id.</u> at 222. The <u>Carey</u> court explained that where a state's law, like California's, fails to clarify what constitutes a "reasonable time," federal courts must examine the reasonableness of any delay in filing for successive state collateral review on a case by case basis. <u>Id.</u> at 222, 226-27.  However, the <u>Carey</u> court did not clearly delineate what that reasonableness analysis should entail.  <u>Id.</u> at 226-27.

The Supreme Court revisited the problem presented by California's indeterminate, "reasonable time" rule and its effect on the tolling of the AEDPA's limitations period in <u>Evans v. Chavis</u>, 546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006).  In <u>Evans</u>, the Court not only reiterated the reasoning it set forth in <u>Carey</u>, but also provided guidance on how to conduct the "reasonableness" analysis.  Specifically, the <u>Evans</u> court instructed that until California courts provide otherwise, federal courts reviewing habeas petitions must assume that California's timeliness law does not differ significantly from those states with determinate appeal periods.  <u>Id.</u> at 853. The <u>Evans</u> court underlined that most states provide determinate appeal periods of thirty to sixty days. <u>Id.</u> at 854 (repeating this assertion from <u>Carey</u>).  From this, the court held that the <u>Evans</u> petitioner's unjustified and unexplained six-month delay in filing was more than the California

---

4.  Under California's collateral review system, an original habeas petition challenging a lower court's adverse decision is the equivalent of a Notice of Appeal. *See* <u>Carey</u>, 536 U.S. at 221.

1    courts would consider reasonable. Id. As such, the Evans court concluded that an unexplained delay

2    of six months is presumptively unreasonable.  Id. (emphasizing that it could not "see how an

3    unexplained delay of this magnitude could fall within the scope of the federal statutory word

4    'pending' as interpreted in [Carey]") .

5             In this case, Petitioner did not apply for collateral review in the California Court of Appeal

6    until April 4, 2007, three months after the superior court's adverse decision on his first habeas

7    petition. (Lodgments 9 and 10.) Evans dictates that habeas petitioners are not entitled to statutory

8    tolling for lengthy, unexplained intervals between successive state habeas petitions. Evans, 126 S.

9    Ct. at 854.  Thus, absent some explanation, Petitioner's delay of three months is unreasonable. Id.

10   at 853.

11            Petitioner does not provide any explanation for the delay in filing his second habeas

12   petition.  Counsel for Respondent notes that Petitioner's current attorney represented him starting

13   with the San Diego Superior Court habeas petition.  Counsel was well aware of the one-year statute

14   of limitations. (Lodgment 13 at 3.)  Specifically, counsel asserted in a state court filing that he

15   waited to file the first state habeas petition because he was raising a sentencing claim that could be

16   affected by Cunningham v. California, ___ U.S.___ , 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007),

17   which was yet undecided.  But the California Supreme Court had already noted in its August 2005,

18   denial of review that review was denied "[w]ithout prejudice to any relief to which defendant might

19   be entitled upon finality of" relevant pending cases on Petitioner's sentencing claims.  (Lodgments

20   7 and 13 at 3.)  Thus, there was no basis for "waiting" to file the habeas petitions.  Moreover,

21   Petitioner was only required to pursue his state habeas remedies with reasonable diligence.  He

22   failed to do so.  The claims he included in his California Court of Appeal habeas petition included

23   the identical claims he raised in his San Diego Superior Court habeas petition, and a sentencing

24   claim from his direct appeal. (Lodgment 10.)  Thus, there was no reason he delayed three months

25   between the denial of the first state habeas denial and the filing of his second state habeas petition.

26            In sum, statutory tolling is warranted in this case only for the period from November 9,

27   2006, until January 4, 2007, when his habeas petition was pending in the San Diego Superior Court.

28

07cv2232

1  However, even considering this tolling period, a total of 442 days still elapsed on the limitations

2  period, making Petitioner's federal petition 77 days late. Thus, in order for the federal petition to be

3  considered timely, Petitioner must demonstrate that he is entitled to equitable tolling.

4      The AEDPA statute of limitations is subject to equitable tolling. <u>Miles v. Prunty</u>, 187 F.3d

5  1104, 1107 (9th Cir. 1999).  A litigant who seeks equitable tolling must establish:  "(1) that he has

6  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

7  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814,  161 L. Ed. 2d 669 (2005); *see also*

8  <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006).  "Under long-established principles,

9  Petitioner's lack of diligence precludes equity's operation." <u>Pace</u>, 125 S. Ct. at 1815.

10      There is no causative link between the pendency of the <u>Cunningham</u> case and the

11  untimeliness of the pending federal petition, for the reasons noted above. <u>Allen v. Lewis</u>, 255 F.3d

12  798, 800 (9th Cir. 2001).  Petitioner may well argue that it would be unfair to deny him access to

13  this Court simply because he delayed for three months in filing his second state habeas petition,

14  because he was attempting to exhaust his claims in the state courts. But "[a] prisoner seeking state

15  postconviction relief might avoid this predicament, however, by filing a 'protective' petition in

16  federal court and asking the federal court to stay and abey the federal habeas proceedings until state

17  remedies are exhausted." <u>Pace</u>, 544 U.S. at 416.  Petitioner did not do so here.  Counsel was well

18  aware of the one-year statute of limitations and certainly could have filed a "protective petition" to

19  establish due diligence.  Petitioner cannot establish he is entitled to equitable tolling.

20

21

22

23

24

25

26

27

28

07cv2232

1

**CONCLUSION**

2        For the foregoing reasons, Respondent respectfully submits that the Petition for Writ of

3    Habeas Corpus be dismissed with prejudice because the petition is time-barred by the statute of

4    limitations pursuant to 28 U.S.C. § 2244 (d).

5    Dated:  March 24, 2008

6                                      Respectfully submitted,

7                                      EDMUND G. BROWN JR.
Attorney General of the State of California

8                                      DANE R. GILLETTE
Chief Assistant Attorney General

9

GARY W. SCHONS
Senior Assistant Attorney General

10

BARRY CARLTON
Supervising Deputy Attorney General

11

12

13                                    s/Sabrina Y. Lane-Erwin
SABRINA Y. LANE-ERWIN
Deputy Attorney General

14

15                                    Attorneys for Respondent
E-Mail:  Sabrina.LaneErwin@doj.ca.gov

16

17    SYLE:mgs
80219136.wpd

18    SD2007701166

19

20

21

22

23

24

25

26

27

28

07cv2232

1

## CERTIFICATE OF SERVICE

2   Case Name:   **Lowe v. Tilton**              No.:   **07cv2232 LAB (CAB)**

3   I declare:

4   On <u>March 24, 2008</u>, I electronically filed the following document(s):

5       **NOTICE OF MOTION AND MOTION TO DISMISS PETITION**
    **FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND**
6                 **AUTHORITIES IN SUPPORT THEREOF**

7
## Electronic Mail Notice List
8   I have caused the above-mentioned document(s) to be electronically served on the following
    person(s), who are currently on the list to receive e-mail notices for this case:
9
    lawnahan@sbcglobal.net,jlanalaw@aol.com
10

11
## Manual Notice List
12  The following are those who are **not** on the list to receive e-mail notices for this case (who
    therefore require manual noticing):
13
    NONE
14

15  I declare under penalty of perjury under the laws of the State of California the foregoing is true
    and correct and that this declaration was executed on March 24, 2008, at San Diego, California.
16

17              Maria G. Stawarz

18              Declarant                                    Signature

19  SD2007701166
    80220211.wpd
20

21

22

23

24

25

26

27

28