```
 1  JOHN LANAHAN
    CA State Bar Number 133091
 2  550 West C Street, Suite 1670
    San Diego, CA 92101-8857
 3  (619) 237-5498
    FAX: (619) 237-8898
 4  E-mail: lawnahan@sbcglobal.net
 5  Attorney for Petitioner Clarke Sheldon Lowe
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CLARKE SHELDON LOWE, | ) | Civ. No. 07CV2232-LAB (CAB) |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS** |
| JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation, | ) ) ) | |
| Respondent. | ) | |

Clarke Lowe, the Petitioner, files the following Opposition to the Respondent's Motion to Dismiss, according to the briefing schedule set forth by this Court's order of February 15, 2008.

DATED: April 24, 2008                    Respectfully submitted,


                                         /s/ *John Lanahan*
                                         John Lanahan
                                         550 West C Street, Suite 1670
                                         San Diego, CA 92101-8557
                                         (619) 237-5498
                                         FAX: (619) 237-8898
                                         E-mail: lawnahan@sbcglobal.net

                                         *Attorney for Petitioner*

1

JOHN LANAHAN
CA State Bar Number 133091
550 West C Street, Suite 1670
San Diego, CA 92101-8857
(619) 237-5498
FAX: (619) 237-8898
E-mail: lawnahan@sbcglobal.net

*Attorney for Petitioner Clarke Sheldon Lowe*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CLARKE SHELDON LOWE, | ) | Civ. No. 07CV2232-LAB (CAB) |
|---|---|---|
| Petitioner, | ) | |
| | ) | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS** |
| v. | ) | |
| JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation, | ) ) ) | |
| Respondent. | ) | |

**I. Supplemental statement of facts**

The Respondent's motion to dismiss is based upon what it argues was an unreasonable period of three months between the denial of the first habeas corpus petition filed in case number HC18701 by the California Superior Court, and the filing of the second habeas corpus petition in case number D044761 in the California Court of Appeal. A review of the time line and the intervening decision of the United States Supreme Court in *Cunningham v. California*, 549 U.S. 270 (2007), will demonstrate that the overall time the Petitioner took to present his state habeas petitions, and the period between the denial of the petition in case number HC18701 and the filing of the petition in case number D044761, was reasonable. The time from the filing of the first state habeas corpus petition, on November 9, 2006, and the denial of the Petition for Review in case number S155949, on November 14, 2007, should therefore be used to toll the one year statute of limitations under 28 U.S.C.

1  § 2244(d)(2).

2  The Respondent correctly notes that the Petitioner's state appeal became final ninety days after the denial of the Petition for Review in case number S135191. That was on November 22, 2005. The Petitioner filed the state habeas corpus petition in case number HC18701 in the Superior Court of San Diego County on November 9, 2006, thirteen days before the one year statute of limitations would have expired on November 22, 2006. That petition raised two grounds based upon issues outside the record of the direct appeal concerning a claim of ineffective assistance of trial counsel. These were not found to be untimely by the Superior Court and were denied on merits on January 4, 2007.

Eighteen days later, the United States Supreme Court decided *Cunningham v. California*, 549 U.S. 270 (2007), upon which the Petitioner's third claim is based. Although the Respondent is correct that the substance of this claim had been raised in the Petitioner's direct appeal in case number D044761, citing *Blakely v. Washington,* 542 U.S. 296 (2004), he obviously could not on direct appeal have cited *Cunningham*, a case that directly related to the California sentencing scheme, because that case had not yet been decided. The third claim raised before the California Court of Appeal in the habeas corpus petition in case number D050608 was therefore the same sentencing argument concerning the improper imposition upper term sentences that had been made on direct appeal, but the habeas corpus petition cited a subsequently decided United States Supreme Court case that directly addressed California's sentencing scheme and held that the imposition of an upper term sentence based upon factors not found by the trier of fact violates the federal constitution. The Petitioner filed that claim in the California Court of Appeal on April 4, 2007, seventy-two days after *Cunningham* had been decided.

The three claims raised in case number D050608 were not found to be untimely by the California Court of Appeal, and were denied in the merits on August 22, 2007. The Petitioner then filed a timely Petition for Review from that denial within ten days in case number S155949, instead of the alternative of filing another original petition in the California Supreme Court. That petition was denied on November 14, 2007. The petition in this case

was filed seven days later.

**II. The ninety days between the filing of the petitions in case number HC18701 and case number D050608 was reasonable**

The Respondent's motion to dismiss is premised upon a claim that the gap of ninety days between the denial of the petition in case number H18701 and the filing of the petition in case number D050608 was "unreasonable" under *Evans v. Chavis*, 546 U.S. 189 (2006), which found a delay of six months to be "presumptively unreasonable." The Respondent omits all the facts of that case, in which the overall time Chavis requested be tolled was three years one month, not six months. *Id.*, 546 U.S. at 201. The six months period was when that Petitioner had unimpeded access to a prison law library, and the Court found that assuming every other reason for delay of over three years was found to be reasonable, the unexplained delay of six months was presumptively unreasonable given that most states allow thirty to sixty days between the denial of a state post-conviction petition and filing an appeal or other state petition in a higher court.

There are at least two differences between the "presumptively unreasonable" scenario in *Evans v. Chavis* and this case. First, the total period of time the Petitioner in this case spent the California Courts on habeas corpus was slightly more than one year, from the initial filing of the petition in case number HC18701, to the denial of the Petition for Review in case number S155949. Of that time, almost nine months were spent while the various petitions were pending in the state courts, from November 9, 2006, to January 4, 2007, in case number HC18701; from April 4, 2007 to August 22, 2007, in case number D050608; and from August 31, 2007, to November 14, 2007, in case number S155949. This is a far cry from the three years one month gap the Petitioner in *Evans v. Chavis* argued tolled the statute. Even assuming the Petitioner exceed the "reasonable" time of sixty days implicitly argued by the Respondent, he *expedited* the review of the state process after the denial of the petition in case number D050608 by filing a Petition for Review in the California Supreme Court within ten days under California Rule of Court 8.500(e)(1), and not another original habeas corpus petition in the California Supreme Court within the "reasonable" period of

sixty days.

The second difference between this case and *Evans v. Chavis* is that between the denial of the habeas corpus petition in case number HC18701, and the filing of the petition in case number D050608, the United States Supreme Court decided *Cunningham v. California*, 549 U.S. 270 (2007). Although the Respondent argues this does not justify a delay because it relates to an issue that had already been raised and rejected on direct appeal in case number D044761, it was imminently reasonable for the Petitioner to cite to the California Courts an intervening decision of the United States Supreme Court that directly supported his claim *as it applied to California law.* It was also reasonable for the Petitioner to wait for at least sixty days after the filing of *Cunningham* to determine if any favorable California state decision, in the wake of *Cunningham*, would provide a basis for relief under California law. For example, it is highly likely that if this case proceeds past the motion to dismiss to a briefing on the merits, the Respondent will argue that *Cunningham* is not retroactive under *Teague v. Lane*, 489 U.S. 288 (1989). If, however, California Courts had decided to make *Cunningham*, a federal decision, retroactive under *state* law (a procedure that was recently approved in *Danforth v. Minnesota*, ___U.S.___, 128 S.Ct. 1028 (2008) even if the United States Supreme Court held the intervening decision was not retroactive under federal law), it would have given the Petitioner a basis for relief without requiring that issue be raised and litigated before the federal court. Under these circumstances, where there was an intervening decision by the United States Supreme Court concerning California sentencing that directly related to a claim that was raised in the habeas corpus petition in case number D050608, it was imminently reasonable for the Petitioner to wait to determine if, in the wake of *Cunningham*, he could obtain relief under state law prior to coming to federal.

The ninety days between the denial of the petition in case number HC18701, and the filing of the petition in case number D050608 also conforms with the deadline set for filing a Petition for Writ of Certiorari in the United States Supreme Court pursuant to Supreme Court Rule 13.1. It was imminently reasonable for the Petitioner, given the intervening decision of *Cunningham*, to use the ninety days set as a filing deadline set by the United

1  States Supreme Court as a reasonable time in which to file the petition in case number
2  D050608.
3       When the time from November 9, 2006, to November 14, 2007 is tolled, the Petitioner
4  had thirteen days, to November 27, 2007, to file the petition in this case. He filed his six
5  days early, on November 21, 2007.
6  //
7  **III. CONCLUSION**
8       For the reasons set forth in this opposition, the Petitioner asks that the Respondent's
9  motion to dismiss his habeas corpus petition be denied.
10  //
11  DATED: April 24, 2008                                        Respectfully submitted,
12
13                                                            /s *John Lanahan*
14                                                            John Lanahan
                                                          550 West C Street, Suite 1670
15                                                            San Diego, CA 92101-8557
                                                          (619) 237-5498
                                                          FAX: (619) 237-8898
16                                                            E-mail: lawnahan@sbcglobal.net
17                                                            *Attorney for Petitioner*
18
19
20
21
22
23
24
25
26
27
28  c:\myfiles\habeas\federal\lowe.c.opp.dis.ag.jol