UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE SHELDON LOWE,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　Respondent. | Civil No.　07cv2232-LAB (CAB)<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 9]** |

Petitioner Clarke Sheldon Lowe, a state prisoner proceeding with counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court on consideration of Respondent James E. Tilton's motion to dismiss the petition. Having considered the motion, the opposition thereto, and relevant legal authority, this Court **RECOMMENDS** that the motion to dismiss be **GRANTED**.

**I. BACKGROUND**

According to the Petition, Petitioner was convicted of one count of forcible rape, rape with a foreign object, simple kidnapping, and indecent exposure on April 1, 2004. (Pet. 1.)[1] The judgment of conviction was imposed on July 16, 2004, and Petitioner was sentenced to prison for a determinate term of eight years and an indeterminate term of 25 years to life. (*Id.*) The judgment and conviction were appealed to the state appellate court, and that court affirmed the decision on May 25, 2005. (Pet. 3.) Petitioner filed a petition for review with the state supreme court, and on August 24, 2005, the California

---

[1] Citations to the Petition refer to the Amended Petition, Doc. No. 2.

Supreme Court denied the petition for review. (*Id.*) Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court. (*Id.*)

On November 9, 2006, Petitioner filed a petition for writ of habeas corpus in the state superior court, and the petition was denied on January 4, 2007. (Pet. 4.) Petitioner then filed a petition for writ of habeas corpus in the state appellate court on April 4, 2007. (*Id.*) That petition was denied on August 22, 2007. (Pet. 5.) Petitioner filed a petition for review with the California Supreme Court on August 31, 2007, and that petition was denied on November 14, 2007. (*Id.*)

Petitioner filed his federal habeas petition on November 21, 2007 and an amended petition on November 29, 2007. [Doc. Nos. 1 & 2.] In his Petition, Petitioner asserts several grounds for relief based on ineffective assistance of trial counsel, error in the imposition of sentence, and error in admission of a post-arrest statement. (Pet. 6-10.) On March 24, 2008, Respondent filed a motion to dismiss the petition ("Resp't Mem."), arguing Petitioner's claims were barred by the applicable one-year statute of limitations. [Doc. No. 9.] Petitioner has filed an opposition to the motion to dismiss ("Pet'r Opp'n"), arguing that his Petition was timely filed. [Doc. No. 10.]

## II. DISCUSSION

Respondent argues that the Petition should be dismissed, because it is barred by the applicable statute of limitations. Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1).

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but 90 days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the California Supreme Court denied Petitioner's petition for review on August 24, 2005. Petitioner did not file a petition for writ of certiorari in the U.S. Supreme Court, so the statute of limitations began to run on November 22, 2005 (90 days after August 24, 2005) and expired on November 22, 2006. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).

On November 9, 2006, Petitioner sought state collateral review by filing a petition for writ of habeas corpus in state superior court. The statute of limitations is tolled during the pendency of any "properly filed" collateral attack in the state courts. *Artuz v. Bennet*, 531 U.S. 4, 7-8 (2000). The Ninth Circuit has held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). At the time that Petitioner filed his habeas petition in state superior court, he had 13 days remaining before the AEDPA statute of limitations expired. That time was tolled during the pendency of any "properly filed" collateral attack in the state courts.

Petitioner's state habeas petition was denied by the state superior court on January 4, 2007. He did not file a habeas petition in the state appellate court until April 4, 2007, three months later. Petitioner and Respondent disagree as to whether the three-month delay in filing the habeas petition in the state appellate court was reasonable so as to continue the tolling of the statute of limitations. Respondent argues it was an unreasonable delay, and thus, the limitations period began to run again when the state superior court rejected Petitioner's habeas petition on January 4, 2007 and expired 13 days later. (Resp't Mem. 10-11.) Petitioner argues the delay was reasonable, and thus, the time continued to toll until the state supreme court denied his petition for review on November 14, 2007. At that point, he had 13 days to file his federal Petition, and his federal Petition was timely, because he filed it on November 21, 2007. (Pet'r Opp'n 3-4.)

The AEDPA statute of limitations is tolled during the pendency of a properly filed petition. A petition must be timely to be considered properly filed. Under California's collateral review scheme, an appeal is timely if filed within a "reasonable time." In *Carey v. Saffold*, 536, U.S. 214 (2002), the United States Supreme Court held that the time during which a state application is "pending" includes the period between a lower court's denial of relief and the filing in a higher court, provided that the filing in the higher court is timely under state law. In *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held that after the California Court of Appeal denied habeas relief, there was an unjustifiable delay of at least six months before Chavis filed a habeas petition in the California Supreme Court. The court found that "six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most states provide for filing an appeal to the state supreme court." *Chavis*, 546 U.S. at 201 (citing *Carey*, 536 U.S. at 219).

In the instant case, Petitioner argues the three-month delay between the denial of habeas by the state superior court and the filing of the habeas petition in the state appellate court was reasonable, because the state appellate court denied the petition on the merits. (Pet'r Opp'n 3.) However, under *Chavis*, the words "on the merits" in the state court order do not indicate by itself a timely filing. *Chavis*, 546 U.S. at 197-98. The Supreme Court in *Chavis* held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Chavis*, 546 U.S. at 198.

Petitioner's three-month delay is not as long as that in *Chavis*; however, it is longer than the "short period of time" of 30 to 60 days noted by the U.S. Supreme Court that most states provide for filing an appeal. *Chavis*, 546 U.S. at 201. Federal district courts have found six-month delays reasonable, when the petitioner argued he was waiting on transcripts, *Moore v. Clark*, 2008 WL 449706 (E.D. Cal. 2008); or where the petitioner presented lengthy briefs requiring substantial revision following denial in the lower court, *Osumi v. Giurbino*, 445 F. Supp. 2d 1152 (C.D. Cal. 2006). On the other hand, federal district courts have also found that a three-month delay was unreasonable where claims were entirely the same and the petitioner failed to explain the reason for delay. *Sloan v. Campbell*, 2006 WL 1409630 (E.D. Cal. 2006); *see Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140

(C.D. Cal 2006) ("unexplained, unjustified delay is unreasonable").

Petitioner argues the reason for the three-month delay was due to the U.S. Supreme Court decision in *Cunningham v. California*, 549 U.S. 270 (2007), which affected Petitioner's third claim. (Pet'r Opp'n 3.) *Cunningham* was decided on January 22, 2007. Petitioner contends he waited three months between the denial by the state superior court and the filing of his habeas petition in the state appellate court to see how *Cunningham* would be applied under California law. (Pet'r Opp'n 5.) As Respondent points out, however, when the California Supreme Court denied review of the sentencing claim, it indicated the denial was "[w]ithout prejudice to any relief to which defendant might be entitled upon finality of" relevant pending cases on the sentencing claims. (Resp't Mem. 10; Lodgment 7, at 3.) As such, if it had become clear that new case law entitled Petitioner to relief, he could renew his sentencing claim in state court, and there was no reason to delay filing his collateral attacks in state court and risking falling outside of AEDPA's limitations period. Under Petitioner's reasoning, that waiting to see how *Cunningham* would be applied to state courts was "imminently reasonable," it would also be reasonable for a petitioner to wait six months or a year--or years--to see how a federal case was applied in state courts. Petitioner's reasoning runs counter to AEDPA's goal of streamlining federal habeas proceedings.

This Court finds that Petitioner's reason for the delay is not congruous with other cases in which delays were found to be reasonable. Petitioner does not argue that his brief was lengthy and required extensive revision or that he was waiting on transcripts from a hearing that would affect his arguments. Instead, the habeas petition to the state appellate court contained the same claims as the petition filed in the state superior court, along with the sentencing claim Petitioner raised in his direct appeal. This Court finds Petitioner's "wait and see" approach was unreasonable delay. Petitioner is not entitled to statutory tolling during the three months between his filings in the superior court and state appellate court. As such, absent equitable tolling, the instant Petition was filed outside of the limitations period.

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). "When external forces, rather than a petitioner's lack of diligence,

account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). This high bar is necessary to effectuate AEPDA's statutory purpose of encouraging prompt filings in federal court. *See Carey*, 536 U.S. at 226. The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Whether equitable tolling is in order turns on an examination of detailed facts. *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002).

Here, Petitioner does not argue that he is entitled to equitable tolling, nor has he alleged facts that warrant equitable tolling. In fact, it appears Petitioner was aware of the time constraints he had under AEPDA but chose to wait three months before filing in the state appellate court. (Lodgment 13, at 3.) In this case, it was Petitioner's delay in pursuing state court remedies rather than extraordinary circumstances that led him to exceed the limitations period. Petitioner is not entitled to equitable tolling because he has not shown "that this extraordinary exclusion should apply to him." *Miranda*, 292 F.3d at 1065. Therefore, the instant petition was untimely filed, and the Court **RECOMMENDS** that the motion to dismiss based on statute of limitations grounds be **GRANTED**.

### III.  CONCLUSION

For all of the above reasons, the Court **RECOMMENDS** that the motion to dismiss the habeas corpus petition be **GRANTED** and the Petition should be **DISMISSED** with prejudice. This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **June 25, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 9, 2008**. The parties are advised that failure to file objections

1  within the specified time may waive the right to raise those objections on appeal of the Court's order.
2  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  June 10, 2008

                                                **CATHY ANN BENCIVENGO**
                                                United States Magistrate Judge