JOHN LANAHAN
CA State Bar Number 133091
550 West C Street, Suite 1670
San Diego, CA 92101-8857
(619) 237-5498
FAX: (619) 237-8898
E-mail: lawnahan@sbcglobal.net

*Attorney for Petitioner Clarke Sheldon Lowe*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE SHELDON LOWE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JAMES E. TILTON, Secretary, California ) <br>    Department of Corrections and ) <br>    Rehabilitation, ) <br> ) <br> Respondent. ) <br>_____ ) | Civ. No. 07cv2232-LAB (CAB) <br><br> **PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS WITH PREJUDICE** |

Clarke Lowe, the Petitioner, files the following Objections to the Report and Recommendation of the United States Magistrate Judge, filed June 10, 2008, recommending that the petition in this matter be dismissed with prejudice.

DATED: June 25, 2008                                    Respectfully submitted,


                                                                          /s *John Lanahan*
                                                                          John Lanahan
                                                                          550 West C Street, Suite 1670
                                                                          San Diego, CA 92101-8557
                                                                          (619) 237-5498
                                                                          FAX: (619) 237-8898
                                                                          E-mail: lawnahan@sbcglobal.net

                                                                          *Attorney for Petitioner*

1  JOHN LANAHAN
   CA State Bar Number 133091
2  550 West C Street, Suite 1670
   San Diego, CA 92101-8857
3  (619) 237-5498
   FAX: (619) 237-8898
4  E-mail: lawnahan@sbcglobal.net

5  *Attorney for Petitioner Clarke Sheldon Lowe*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE SHELDON LOWE,<br><br>Petitioner,<br><br>v.<br><br>JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation,<br><br>Respondent. | Civ. No. 07cv2232-LAB (CAB)<br><br>**STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE THAT THE PETITION BE DISMISSED WITH PREJUDICE** |

**I. INTRODUCTION**

The Report and Recommendation (hereafter referred to as "Report") recommends the petition in this case be dismissed with prejudice because the Report finds the three month interval between the denial of the habeas corpus petition filed in the San Diego Superior Court in case number HC18701 and the filing of the habeas corpus petition in case number D050608 in the California Court of Appeal for the Fourth Appellate District, Division One, was unreasonable, and therefore pursuant to *Evans v. Chavis*, 546 U.S. 189 (2006), should not be toll the statute of limitations under 28 U.S.C. § 2244(d)(2). The Report erroneously relies upon two cases, one in which the time between filings in state court was longer than six months, a presumptively unreasonable delay, the other in which no explanation for a three month gap between filings was given, unlike this case.

In this case, the reason for the ninety day gap between the denial of the first state

petition in filing the second was the intervening decision of the United State Supreme Court in *Cunningham v. California*, 549 U.S. 270 (2007), on January 22, 2007, eighteen days after the Superior Court denied the habeas corpus petition in case number HC18701, and seventy-two days prior to the filing of the state habeas corpus petition in case number D050608. The Report rejects the petitioner's reason to justify the additional time for filing in the California Court of Appeal, that he was waiting to see how the California Courts would apply *Cunningham*, especially on the issue of retroactivity. The reasonableness of the petitioner's decision to delay filing is mirrored in the timing of the decision of the California Court of Appeal, however, in case number D050608, which issued its denial of that petition on August 22, 2007, 140 days later, showing it adopted the same "wait and see" approach by deferring its decision until the post-*Cunningham* decision of the California Supreme Court in *People v. Black*, 41 Cal.4th 799 (2007) ("*Black II*") [Respondent's Lodgment 14, p. 3].

In addition, whatever delay that may have been caused by the ninety day gap between the denial of the petition in case number HC18701 by the Superior Court and the filing of the petition in the Court of Appeal in case number D050608 was offset by the expedited procedure the petitioner followed in filing a Petition for Review in the California Supreme Court in case number S155949 within ten days of the denial of the petition in case number D050608, rather than filing another original petition within the sixty days. The overall effect in no way delayed the resolution of the federal claims presented to the state courts in light of the intervening decision in *Cunningham*, and the ninety days between the denial of the petition in case number HC18701 and the filing of the petition in case number D050608 was reasonable and the petition should not be dismissed.

**II. The ninety days between the filing of the petitions in case number HC18701 and case number D050608 was reasonable**

The recommendation that the petition be dismissed is premised upon a claim that the gap of ninety days between the denial of the petition in case number H18701 and the filing of the petition in case number D050608 was "unreasonable" under *Evans v. Chavis*, 546 U.S. 189 (2006), which found a delay of six months to be "presumptively unreasonable." The

1  Report omits some of the relevant facts considered by the Supreme Court in that case in
2  finding that the gaps between filings in state court were unreasonable and therefore did not
3  toll the federal statute of limitations under 28 U.S.C. § 2244(d)(2).  In *Evans v. Chavis,* the
4  overall time Chavis requested be tolled was three years one month, not six months. *Id.*, 546
5  U.S. at 201. The six months period found by the Court to be unreasonable was when that
6  Petitioner had unimpeded access to a prison law library, and the Supreme Court found that
7  assuming every other reason for delay of over three years was found to be reasonable, the
8  unexplained delay of six months was presumptively unreasonable given that most states
9  allow thirty to sixty days between the denial of a state post-conviction petition and filing an
10 appeal or other state petition in a higher court.
11         There are at least two differences between the "presumptively unreasonable" scenario
12 in *Evans v. Chavis* and this case.  First, the total period of time the Petitioner in this case
13 spent the California Courts on habeas corpus was slightly more than one year, from the
14 initial filing of the petition in case number HC18701, to the denial of the Petition for Review
15 in case number S155949.  Of that time, almost nine months were spent while the various
16 petitions were pending in the state courts, from November 9, 2006, to January 4, 2007, in
17 case number HC18701; from April 4, 2007 to August 22, 2007, in case number D050608;
18 and from August 31, 2007, to November 14, 2007, in case number S155949.  The longest
19 period of time was the four and a half month the California Court of Appeal requested
20 informal briefing and waited for the California Supreme Court to decide *Black II*, which it
21 found was dispositive in denying the petitioner's sentencing claim.  This is a far cry from the
22 gap the Petitioner in *Evans v. Chavis* argued tolled the statute.
23         The Report notes that in some cases, a delay of up to six months has been found to
24 be reasonable.  For example, in *Moore v. Clark*, 2008 U.S. Dist. LEXIS 11527, the Court
25 found a gap of six months between filing state habeas corpus petitions was reasonable
26 because the petitioner was awaiting transcripts of a hearing and counsel needed to review
27 these prior to filing a petition in a higher court.  The Court in *Moore v. Clark* cited with
28 approval the opinion in *Stowers v. Evans*, 2006 U.S. Dist., LEXIS 13863, which found a gap

of 87 days between state court filings was not "substantially longer" than the 60 day limit argued by the respondent based upon the time for filing a notice of appeal in a criminal case in California, and that although not dispositive, no California Court had found the state petitions to be untimely. The Court in *Stowers* also noted that *Evans v. Chavis* had not yet been decided when the petitioner in *Stowers* filed the habeas corpus petitions in state court, so the contours of "reasonableness" were the less circumscribed standards set forth in *Saffold v. Carey*, 312 F.3d 103 12 (9th Cir. 2002), and the gap of 87 days was reasonable because the petitioner delay had been relying upon reported decisions at the time that had found a gap of four and a half months between filings to be "reasonable."

That same reasoning applies here because in *Osumi v. Giurbino*, 445 F.Supp.2d 1152 (C.D. Cal. 2006), one of the two reported decisions cited by the Report, the district court found that two gaps, one of 96 days between the denial of a habeas corpus petition the Superior Court and the filing a second petition in the Court of Appeal, and another gap of 98 days, between the denial of the habeas corpus petition by the Court of Appeal and the filing of an original habeas corpus petition in the California Supreme Court, was reasonable "given the lengthy briefs petitioner filed in the California appellate courts and petitioner's substantial rewriting of his habeas corpus petition following the denial of that petition by the Los Angeles County Superior Court." 445 F.Supp.2d at 1158-1159. That decision does *not* find the second gap of 98 days, between the denial of the habeas corpus petition by the California Court of Appeal, and the filing a third original petition in the California Supreme Court, to be unreasonable, although there was *no* finding that additional redrafting of the briefs was necessary to justify that second gap. Under the reasoning of the Court in *Stowers v. Evans*, the petitioner in this matter was justified in relying upon the reported post-*Evans v. Chavis* decision on *Osumi* in his decision that a gap of 90 days between the denial of the petition in case number HC18701, and the filing of the petition case number D050608, was reasonable.

Subsequent to the Report in this case, another Court found in *Tomlin v. Subia*, 2008 U.S. Dist. 47478 (E.D. Cal. 2008), that two gaps between "ascending" filings in state court,

1  99 days in one, 96 days in another, were reasonable given that the subsequent petitions
2  needed revisions to include additional facts found as result of subsequent investigations and
3  a polygraph report. Citing *Osumi*, the Court in *Tomlin v. Subia* found that "[c]ontrary to
4  Respondent's assertions, the compilation and revision of the subsequent petitions, even
5  though unsuccessful, provides a reasonable explanation for the 99 and 96-day delays in
6  filings." In this case, the petitioner added a third claim in his petition filed in case number
7  D050608, citing *Cunningham*, that his consecutive sentences violated the Sixth and
8  Fourteenth Amendments to the United States Constitution, as most recently interpreted by
9  the United States Supreme Court in that intervening case. Although there was no additional
10  investigation or new facts presented in support of the claims in state court, the subsequent
11  petition raised an additional constitutional issue, similar to that presented on direct appeal,
12  but relying upon a subsequent United States Supreme Court decision that directly effected
13  the validity of California sentencing scheme. As in *Osumi* and *Tomlin v. Subia*, the 90 day
14  "wait and see" approach, to determine if California Courts would apply *Cunningham* in a
15  manner favorable to the petitioner under state law, was reasonable. The fact that the
16  California Courts did not ultimately apply *Cunningham* favorably, in light of *Black II*,
17  decided on July 19, 2007, ten weeks after the petitioner filed the habeas petitioner in case
18  number D050608, does not undercut the reasonableness of his decision to delay filing in the
19  hope that a decision under California law, in light of *Cunningham*, would be more favorable
20  and later federal review of that claim would therefore be unnecessary. After 90 days,
21  however, in light of the reported decision in *Osumi* which found 98 days to be reasonable,
22  a further delay in filing *would* run the risk of being found unreasonable and would not toll
23  the federal statute of limitations under 28 U.S.C. § 2244(d)(2)

24  In addition, the Report finds the "wait and see" approach was not justified given that
25  his Petition for Review on direct appeal was denied by the California Supreme Court in case
26  number S135191 "'without prejudice to any relied to which the defendant might be entitled
27  upon finality of' relevant pending cases on the sentencing claims." [Report, p. 5, lines 8-9].
28  That order was entered on August 24, 2005 [Respondent's Lodgment 7, p. 3]. This was two

1  months after the decision of the California Supreme Court in *People v. Black*, 35 F.3d 1238
2  (2005) (*Black I*), which was ultimately overruled by the United States Supreme Court in
3  *Cunningham*. The Report relies upon this order to find that "if it had become clear that new
4  case law entitled the Petitioner to relief, he could renew his sentencing claim in state court,
5  and there was no reason to delay filing his collateral attacks in state court and risking falling
6  outside of AEDPA's limitations period" [Report, p. 5, lines 10-12]. This attributes to the
7  petitioner an unreasonable ability to prognosticate, based upon an order issued over a year
8  before the decision in *Cunningham* that invalidated California's Sentencing scheme, (1) the
9  effect of *Cunningham* on California decisions and (2) whether that federal decision would
10 be applied retroactively, either by later federal or state decisions. The fact that the claim
11 could have been raised at any time after January 22, 2007, the date *Cunningham* was
12 decided, does not undercut the reasonableness of the petitioner's decision to see if California
13 decisions in light of *Cunningham* would come down that would assist and be persuasive
14 authority in the new claim he planned to raise in case number D050608 before the California
15 Court of Appeal. He did just that, and waiting 78 days after *Cunningham* had been decided,
16 90 days after the petition case number HC18701 had been denied, was reasonable, given a
17 change in California law as result of a federal constitutional decision by the United States
18 Supreme Court, in light of the analysis of *Osumi* and other unreported federal decisions.

19       The cases relied upon by the Report are easily distinguishable. In *Sloan v. Campbell*,
20 2006 U.S. Dist. LEXIS 32423 (E.D. Cal. 2006), there was a *seven month* gap between the
21 filing of a petition in the California Court of Appeal and a second one filed in the California
22 Superior Court. This exceeds the six month gap found to be presumptively unreasonable by
23 the Supreme Court in *Evans v. Chavis*. In the instant case, the gap as three months. The
24 other case, *Culver v. Director of Corrections*, 450 F.Supp.2d 1137 (C.D. Cal. 2006), is a
25 reported decision that found two unexplained delays, 97 days between the denial of a habeas
26 corpus petition by the Superior Court and the filing in the California Court of Appeal, and
27 71 days between the denial of the habeas corpus petition by the California Court of Appeal
28 and the filing of an original habeas corpus petition in the California Supreme Court, were

unreasonable under *Evans v. Chavis*. In *Culver*, unlike this case, no explanation, such as an intervening decision by the United States Supreme Court on a claim not raised in the first petition but raised in the second, was given. The petitioner in that case, unlike here, compounded that delay by filing an original petition in the California Supreme Court 71 days after the denial of the habeas corpus petition by the California Court of Appeal and not, as in this case, within ten days via a Petition for Review, pursuant to California Rule of Court 8.500(e)(1), once the habeas corpus petition in case number D050608 was denied.

**Reasons for the "wait and see" approach**

"Reasonableness" in other contexts, such as the review of a state court judgment under 28 U.S.C. § 2254(d), is the most deferential standard of review. It is more deferential than "clear error." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Using this standard, the petitioner's "wait and see" approach for 90 days was "reasonable," even if clearly erroneous. It was reasonable for the petitioner to wait for seventy-two days after the filing of *Cunningham* to determine if any favorable California state decision, in the wake of *Cunningham*, would provide a basis for relief under California law. For example, it is certain that if this case proceeds to a briefing on the merits, the Respondent will argue that *Cunningham* is not retroactive under *Teague v. Lane*, 489 U.S. 288 (1989). In fact, federal court *have* since held that *Cunningham* is not retroactive for relief in federal court. *Johnson v. Sisto*, 2008 U.S. Dist. LEXIS 31606 (E.D. Cal. 2008); *Jordan v. Evans*, 2007 U.S. Distr. LEXIS 68222 (S.D. Cal. 2007). A decision to see if California Courts would decide to make *Cunningham*, a federal decision, retroactive under *state* law (a procedure that was recently approved in *Danforth v. Minnesota*, 552 U.S.___, 128 S.Ct. 1028 (2008) even if the United States Supreme Court holds an intervening decision was not retroactive under federal law), was reasonable in order to avoid, if possible, the filing and litigation of *Cunningham* under *Teague v. Lane*, 489 U.S. 288 (1989). Even though California Courts have held that *Cunningham* is not retroactive in state cases (see, *In re Saade*, 162 Cal.App.4th 1391, 1395-1396 (2008)), it was not *unreasonable* for the petitioner to wait 78 days to see if such a thing would occur in the wake of *Cunningham* in 2007.

The rigid time line of 60 days adopted by the Report, regardless of the petitioner's explanation for waiting 90 days from the denial of the petition in case number HC18701 before filing in case number D050608, is contrary to the underlying federal/state comity in federal habeas corpus to allow issues to be resolved by the state courts prior to the filing of a federal habeas petition. Had the petitioner filed a petition in the California Court of Appeal prior the decision in *Cunningham*, he would have had to amend that petition and raise a successive state petition raising the *Cunningham* claim. Once *Cunningham* was decided, it became clear the California Courts would wait until the California Supreme Court decided the impact of *Cunningham* in *Black II* and its companion case, *People v. Sandoval*, 41 Cal.4th 825 (2007). Had the petitioner filed in the California Court of Appeal on March 5, 2007, sixty days from the denial of his habeas corpus petition in case number HC18701 by the Superior Court, instead of April 4, 2007, it would have made no difference on how fast the claim was resolved given that *Black II* and *Sandoval* were not decided until July 19, 2007. In short, there was a good reason for waiting and no practical reason to hurry once *Cunningham* was decided. Even if the petitioner was clearly in error in waiting so long (which in light of *Osumi* he was not), that decision was not unreasonable. The Report therefore errs in finding that the ninety days between the denial of the petition in case number HC128701 and the filing of the petition in case number D050608 was unreasonable, and the recommendation that the petition be dismissed should be rejected and the petition should be decided on the merits.

### III. CONCLUSION

For the reasons set forth in the petitioner's previously filed opposition to the motion to dismiss, and these objections to the Report and Recommendation, the petitioner asks the Court to reject the Report and Recommendation that the petition be dismissed, and reset a briefing schedule to consider the merits of the petition.

DATED: June 25, 2008                                              Respectfully submitted,


/s *John Lanahan*
John Lanahan
550 West C Street, Suite 1670
San Diego, CA 92101-8557
(619) 237-5498
FAX: (619) 237-8898
E-mail: lawnahan@sbcglobal.net

*Attorney for Petitioner*

c:\myfiles\habeas\federal\lowe.c.objections.r&r.jol