# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE SHELDON LOWE,<br><br>                     Plaintiff,<br>vs.<br><br>JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation,<br><br>                     Defendant. | CASE NO. 07cv2232-LAB (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>[Dkt Nos. 9, 11] |

This 28 U.S.C. §2254 habeas matter is before the Court on the Report And Recommendation ("R&R") of Magistrate Judge Cathy Ann Bencivengo that Respondent's Motion To Dismiss the Petition ("Motion") be granted on grounds it is time-barred. Petitioner Clarke Sheldon Lowe ("Lowe"), proceeding through counsel, filed Objections to the R&R. Respondent filed no Reply.  For the reasons discussed below, the Court **ADOPTS** the R&R and **GRANTS** the Motion, terminating this case in its entirety.

A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. FED. R. CIV. P. ("Rule") 72(b); *see* 28 U.S.C. § 636(b)(1). An objecting party may "serve and file specific objections to the proposed findings and

recommendations," and "a party may respond to another party's objections." Rule 72(b). In reviewing an R&R, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980) (when objections are made, the court must make a *de novo* determination of the factual findings to which there are objections). "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The court reviews *de novo* the magistrate judge's conclusions of law. Gates v. Gomez, 60 F.3d 525, 530 (9th Cir. 1995); Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007).

There appears to be no dispute Lowe's federal habeas Petition was filed beyond the one-year statute of limitations provided in the Antiterrorism And Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).[1] It appears Lowe, represented by the same counsel, filed a first habeas petition in state court shortly before the one-year AEDPA limitations period would have expired during the interval between the conclusion of his efforts on direct appeal and his filing of the petition. The interval thereafter between the decision on the first habeas petition and the filing of his second habeas petition was three months, during which time the AEDPA limitations period expired. As no Objections have been filed with respect to the R&R's detailed summary of the factual or procedural history of Lowe's case, the court **ADOPTS** and incorporates by reference herein those portions of the R&R. In addition, the Court has reviewed the legal standards applied in the R&R and finds they are proper.

The sole issue presented by the Motion and the R&R Objections is whether the 90-day gap between the state Superior Court's denial of Lowe's first habeas petition and his

---

[1] AEDPA requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year. 28 U.S.C. § 2244(d)(a)(A). AEDPA tolls the one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review is pending." 28 U.S.C. § 2244(d)(2). The time that an application for state postconviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the notice of appeal is timely under state law. See Evans v. Chavis, 546 U.S. 189, 191 (2006), *citing* Carey v. Saffold, 536 U.S. 214 (2002).

filing of a second habeas petition in the state Court of Appeal was reasonable and warrants application of equitable tolling of the statute of limitations. If so, the federal Petition was timely filed on November 21, 2007, and this court may reach the merits. If not, the Petition is time-barred and must be dismissed. The Court reviews *de novo* the magistrate judge's conclusions: Lowe's "wait and see" approach to the potential a case pending before the Ninth Circuit during the interval between his first and second state petitions would resolve a legal issue favorably for one of Lowe's claims (*i.e.*, the effect of Cunningham v. California, 549 U.S. 270 (2007) on California's determinate sentencing law) was not reasonable; and equitable tolling is not warranted based on the facts alleged to explain the filing delay.

The California Supreme Court denied Lowe's Petition For Review on November 14, 2007 in one sentence, without citation to authority: "Petition for review is denied." Lodg. 16. The R&R conducted a review of the timeliness issue in consideration of Evans v. Chavis, 546 U.S. 189, 198, 201 (2006) (absent a clear indication by the state's high court that a petition is untimely, "the federal court must itself examine the delay in each case to determine what the state courts would have held in respect to timeliness"). The Chavis Court held that after the California Court of Appeal denied habeas relief, there was an unjustifiable delay of at least six months before Chavis filed a habeas petition in the California Supreme Court, finding "six months is far longer than the 'short period of time,' 30 to 60 days, that most states provide for filing an appeal to the state supreme court"). Chavis 546 U.S. at 198, *citing* Carey v. Saffold, 536 U.S. 214, 219 (2002). Although the unreasonable delay issue in this case arises from a delay between the Superior Court's denial of Lowe's first habeas petition and the filing of the second habeas petition in the Court of Appeal, the same principles apply to the analysis.

Lowe had not argued equitable tolling in his Opposition, but rather advanced his timeliness assertions on grounds the intervals between his state filings were reasonable. He objects to the R&R discussion of that issue on grounds the three months delay between the first and second state habeas petitions was reasonable, again without resort to equitable tolling principles. However, the justifications advanced in support of Lowe's reasonableness

1  arguments do not appear to this court to satisfy the kinds of considerations California courts
2  accept in reviewing timeliness questions when the issue is justifications for substantial delay
3  in presenting claims.  See In re Clark, 5 Cal.4th 750, 782-83 (1993); see also In re Robbins,
4  18 Cal.4th 770, 814 n. 34 (1998).  Accordingly, the Court concludes only an application of
5  the equitable tolling doctrine will save Lowe's federal Petition from AEDPA untimeliness.

6  "When external forces, rather than a petitioner's lack of diligence, account for the
7  failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."
8  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  AEDPA's statutory purpose of
9  encouraging prompt filings in federal court renders equitable tolling unavailable in most
10 cases because extensions of time should be granted "only if extraordinary circumstances
11 beyond a prisoner's control make it impossible to file a petition on time."  Calderon v. United
12 States Dist. Court ("Kelly"), 163 F.3d 530, 541 (9th Cir. 1998), *abrogated on other grounds*
13 *by* Woodford v. Garceau, 538 U.S. 202, 205 (2003); see Carey v. Saffold, 536 U.S. 214, 226
14 (2002).  The Petitioner "bears the burden of showing that this extraordinary exclusion should
15 apply to him."  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Courts examine the
16 unique facts of each case to arrive at a reasonableness determination upon which excusing
17 of the delay and application of equitable tolling to save an untimely Petition depend.  Lott v.
18 Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

19 Applying those standards, the R&R examined a number of district court cases in
20 which equitable tolling of time periods longer than Lowe's three-month delay has been
21 applied in such circumstances supporting that result as a petitioner had to wait for transcripts
22 (Moore v. Clark, 2008 WL 449706 (E.D.Cal. Feb. 14, 2008) at *2-3), or a petitioner
23 presented lengthy briefs requiring substantial revision following denial in a lower court
24 (Osumi v. Giurbino, 445 F.Supp.2d 1152 (C.D.Cal. 2006)).  The R&R also examined cases
25 where federal district courts have found a three-month delay to be unreasonable, such as
26 when the petitioner failed to offer any explanation for the delay.  Culver v. Dir. of Corr., 450
27 F.Supp.2d 1135, 1140 (C.D. Cal. 2006)).  The R&R concludes Lowe has not excused his
28 delay adequately to warrant equitable tolling.

> In fact, it appears Petitioner was aware of the time constraints he had under ADEPA but chose to wait three months before filing in the state appellate court. (Lodgement 13, at 3.) In this case, it was Petitioner's [conscious] delay in pursuing state court remedies rather than extraordinary circumstances that led him to exceed the limitations period.

R&R 6:11-16.

Lowe's Objections take exception with the cases the R&R examined on the issue of court's constructions of the length of delay. However, this court finds the dispositive question is to be answered based on Lowe's *explanation for* the delay, not an analysis of presumptively reasonable or presumptively unreasonable delay time periods:

> In this case, the reason for the ninety day gap between the denial of the first state petition in filing the second was the intervening decision of the United States Supreme Court in <u>Cunningham v. California</u>, 549 U.S. 270 (2007), on January 22, 2007, eighteen days after the Superior Court denied the [first] habeas corpus petition. . . , and seventy-two days prior to the filing of the [second] state habeas corpus petition. . . . The Report rejects the petitioner's reason to justify the additional time for filing in the California Court of Appeal, that he was waiting to see how the California Courts would apply <u>Cunningham</u>, especially on the issue of retroactivity.

Obj. 2:28-3:7

The Court construes that explanation as no more than a representation Lowe was awaiting a potentially advantageous change in the law. His counsel's comparison to a "wait and see" approach by the reviewing court as reinforcing the reasonableness of his own delay is inapposite:

> The reasonableness of petitioner's decision to delay filing is mirrored in the timing of the decision of the California Court of Appeal [in deciding Lowe's second petition] . . . which issued its denial of that petition on August 22, 2007, 140 days later, showing it adopted the same "wait and see" approach by deferring its decision until the post-<u>Cunningham</u> decision of the California Supreme Court in <u>People v. Black</u>, 41 Cal.4th 799 (2007) ("<u>Black II</u>").

Obj. 3:7-12.

A reasonableness characterization applied to a court's delay in the issuance of an order on fully briefed matters taken under submission is wholly distinguishable from the circumstances of a litigant who delays filing for relief in the court. Litigants are bound by

statutes of limitations that affect their entitlement to pursue judicial relief at all, such as the AEDPA one-year period.  The Court finds this attempted justification to be without merit.

Similarly, the court finds unpersuasive Lowe's attempted justification in further support of a reasonableness finding that he added a third claim in his second state court petition to cite Cunningham and an argument "his consecutive sentences violated the Sixth and Fourteenth Amendments to the United States Constitution, as most recently interpreted by the United States Supreme Court in that intervening case."  Obj. 6:6-9.  However, nothing prevented Lowe from making that argument as soon as the Cunningham decision issued, 18 days after the denial of his first habeas petition, since the posture of his case and the state if the law were no different at that time than they were three months later.  Lowe acknowledges the purely legal nature of that argument: "no additional investigation or new facts" were presented in support of the claims in state court, with "the subsequent petition rais[ing] an additional constitutional issue, similar to that presented on direct appeal, but relying upon a subsequent United States Supreme Court decision that directly effected [*sic*] the validity of California [*sic*] sentencing scheme."  Obj. 6:9-13.

Lowe contends "whatever delay . . . may have been caused by the ninety-day gap between the denial of the [first] petition . . . by the Superior Court and the filing of the [second] petition in the Court of Appeal . . . was offset by the expedited procedure the petitioner followed in filing a Petition for Review in the California Supreme Court . . . within ten days of the denial of the [second] petition . . . , rather than filing another original petition within the sixty days."  Obj. 3:13-18.  He represents:  "The overall effect in no way delayed the resolution of the federal claims presented to the state courts light of the intervening decision in Cunningham," therefore "the ninety days between the denial of the [first] petition. . . and the filing of the [second] petition . . . was reasonable and the petition should not be dismissed."  Obj. 3:18-22.  However, the AEDPA clock runs during the periods codified in the statute, is tolled only during the periods codified in the statute, and the statute recognizes no "cure" for an expired limitations period based on "expedited" pursuit of relief in the next highest state court if it comes too late for statutory tolling of the AEDPA limitations period.

1  The Court **ADOPTS** the R&R recommendation it find Lowe's federal petition was not
2  timely filed, and application of the equitable tolling doctrine is not warranted on these facts.
3  **IT IS HEREBY ORDERED** Respondent's Motion is **GRANTED**, and this action is
4  **DISMISSED** in its entirety as time-barred.
5  **IT IS SO ORDERED**.
6  DATED: August 27, 2008

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge