# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CLARKE SHELDON LOWE,

                    Petitioner,

    vs.

WILLIAM KNIPP, Warden,

                    Defendant.

CASE NO. 07cv2232-LAB (CAB)

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(6)**

Nearly a decade ago, on April 1, 2004, petitioner Clarke Sheldon Lowe was convicted in San Diego County Superior Court of several rape charges, kidnapping, and indecent exposure, and he was sentenced to a determinate term of eight years and an indeterminate term of 25 years to life. After years of appeals and collateral attacks, including an unsuccessful appeal to the Ninth Circuit in this particular habeas case, Lowe's case appeared to be closed once and for all. But then, on October 27, 2012, Lowe filed a motion to set aside the judgment in this case based on Federal Rule of Civil Procedure 60(b)(6), which allows courts to set aside a final judgment if a party makes a showing of "extraordinary circumstances" justifying such action. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Towery v. Ryan*, 673 F.3d 933, 940 (9th Cir. 2012).

//

//

# I.    Background

The California Court of Appeal affirmed Lowe's criminal conviction on May 25, 2005. The Supreme Court of California, on August 24, 2005, denied Lowe's petition for review. On November 9, 2006, Lowe petitioned the California Superior Court for a writ of habeas corpus, and his petition was denied on January 4, 2007. He turned next to the Court of Appeal, filing a petition on April 4, 2007, three months after his previous petition was denied. That was denied on August 22, 2007. Lowe then filed a petition with the California Supreme Court on August 31, 2007. That petition was denied on November 14, 2007.

The statute of limitations began to run on November 22, 2005, 90 days after the California Supreme Court denied Lowe's petition for direct review.[1] *See Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001). Thus, when Lowe filed his petition in California Superior Court on November 9, 2006, only 13 days remained until the AEDPA statute of limitations would expire. Filing the petition in Superior Court tolled the statute of limitations. *See Artuz v. Bennet*, 531 U.S. 4, 7-8 (2000). The problem for Lowe arose in the three-month period—January 4, 2007 to April 4, 2007—between when the Superior Court denied his petition and when he filed in the Court of Appeal.

Lowe filed his petition with this Court on November 21, 2007[2], seven days after being denied by the California Supreme Court. The issue before this Court was whether the three-month delay between filing in the Superior Court and the Court of Appeal was reasonable so that the tolling period should have continued during that time, or if it was unreasonable so that the statute of limitations ran 13 days after the Superior Court denied Lowe's petition. Lowe argued that the delay was reasonable because he was waiting to see how the Supreme Court of the United States would rule in a case with similar underlying facts. (Dkt. No. 13 at 5.) The Court held that it was unreasonable delay to simply wait for a potentially

---

[1] The 90-day period allows the party to seek review from the Supreme Court of the United States.

[2] At that point, if the statute had been tolled for the entirety of time period comprising the collateral attacks in state court, Lowe would have had six days to spare. (Dkt. No. 11 at 3.)

advantageous shift in the law, so the statute of limitations was not tolled and the one year time limit had passed. (*Id.* at 2-3.) The Ninth Circuit Court of Appeals affirmed on July 19, 2010, and the Supreme Court denied Lowe's petition for a writ of certiorari on April 25, 2011.[3]

That brings the Court to the pending motion, which Lowe filed on November 2, 2012—nearly two-and-a-half years after the Ninth Circuit affirmed the Court's dismissal of Lowe's federal habeas petition and a year-and-a-half after the Supreme Court declined to review his case.[4] In contrast to his previous arguments opposing dismissal of this petition, Lowe now concedes that the three-month delay between his petitions in Superior Court and the Court of Appeal was unreasonable, but he blames his former attorney, John Lanahan, for the decision to wait and see how the Supreme Court ruled on another case before filing in the Court of Appeal. He argues that Lanahan's error amounts to an extraordinary circumstance under Federal Rule of Civil Procedure 60(b)(6) that entitles him to relief from a final judgment.

To support this argument, Lowe has submitted an affidavit from Lanahan in which he explains why he chose to wait three months to file a habeas petition in the Court of Appeal after his petition in Superior Court was denied. (Dkt. No. 27 at 34-37.)

//

---

[3] Lowe, thinking his motion was denied based on a procedural technicality, filed an additional habeas petition in this district, Case No. 12cv2398 H (PCL). That petition was dismissed on October 4, 2012, because it was a successive habeas petition for which he did not have permission to file from the Ninth Circuit, which is required by the AEDPA, 28 U.S.C. § 2244(b)(3)(A).

[4] Lowe submitted an affidavit detailing his efforts to get in touch with Lanahan regarding the outcome of his petition for a writ of certiorari. (Dkt. No. 27 at 39-40.) Lowe declares that he did not attempt to contact Lanahan for six months after the petition to the Supreme Court was filed because he had been instructed that it would take at least that long for the Court to rule. (*Id.*) After that, Lanahan would not take his collect calls, ignoring him for months. (*Id.* at 40.) Lowe finally had to resort to having his mother and brother contact Lanahan regarding the outcome of his petition. (*Id.*) Eventually he learned that the Supreme Court had rejected his petition. (*Id.*) That lapse in communication, Lowe argues, explains the one-and-a-half year delay between denial of his writ of certiorari and filing the present motion. Because Lowe appears to have acted reasonably in trying to contact his attorney regarding the outcome of his petition to the Supreme Court, the Court will review Lowe's Rule 60 claim despite the substantial elapsed time.

**II.    Discussion**

Rule 60(b) allows a court to relieve a party from a final judgment for several enumerated reasons that aren't implicated here, as well as for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Despite the facially broad language, relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances," which are rarely present in habeas cases. *Gonzalez*, 545 U.S. at 535; *Towery*, 673 F.3d at 940.

It is conceivable that attorney misconduct could satisfy the requirements of a Rule 60(b)(6) motion. The Ninth Circuit has suggested that a habeas petitioner may be able to show extraordinary circumstances as necessary for a Rule 60(b)(6) motion if he has been abandoned by his attorney, because the principal-agent relationship is severed. *See Towery*, 673 F.3d at 941. Because Lowe was not abandoned by his attorney during the three-month period at issue, the Court does not need to explore that possible exception.

Lowe cites several cases to support the proposition that unprofessional attorney conduct could amount to an extraordinary circumstance and toll the AEDPA statute of limitations, most notably *Holland v. Florida*. 130 S.Ct. 2549, 2564 (2010). The attorney in *Holland* failed to file a timely habeas petition despite his client's many letters identifying the applicable legal rules and repeated emphasis of the importance of timely filing, and he ignored for years his client's communications, including requests for updates on the status of his case. *Id.* at 2564. The misconduct Lowe alleges doesn't come close to that, however. As the *Holland* decision clarifies, "'a garden variety claim of excusable neglect,' (citations), such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, (citations), does not warrant equitable tolling." *Id.* at 2564. If an honest error doesn't warrant equitable tolling, certainly a conscious but misguided strategic decision does not.

Lowe now hopes the Court will reach the merits of his habeas petition because the prior dismissal was due to a timing risk—which did not pay off—taken by his attorney. Basically, Lowe argues that he should not have to live with the consequences of his attorney's strategy. That is more than most habeas petitioners, who don't even have an attorney in the first place, can say. Lowe is clearly unhappy with his attorney's decision-

- 4 -

making, but he has not nearly raised the specter of egregious misconduct that constitutes an "extraordinary circumstance" under Rule 60(b)(6).  At most, he points to the sort of garden variety miscalculation that the Supreme Court in *Holland* held does not warrant equitable tolling of the statute of limitations.

*Holland*, of course, addressed the question of whether the statute of limitations should have been tolled by an attorney's mistake in the first instance, not whether there were extraordinary circumstances that warranted reopening judgment under Rule 60(b)(6).  But the fact that the conduct complained of—the foundation for Lowe's motion—wouldn't suffice to toll the statute of limitations under *Holland* shows that there are no extraordinary circumstances that weigh in favor of granting a Rule 60 motion in this case.

## III.    Conclusion

The AEDPA statute of limitations exists to encourage diligence and swift action on the part of habeas petitioners and to give finality to judgments they challenge.  An attorney's mistake is not an extraordinary circumstance that warrants circumventing the purposes the statute of limitations serves.  If any simple mistake by an attorney were enough to reopen judgment, few judgments would ever be final, and habeas petitioners fortunate enough to retain counsel would essentially get an "undo" option on any strategic misstep.

Lowe's motion for relief from judgment under Rule 60(b)(6) is, therefore, **DENIED**.  **IT IS SO ORDERED**.


DATED:  August 23, 2013

**HONORABLE LARRY ALAN BURNS**
United States District Judge