# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE SHELDON LOWE,<br><br>　　　　　　　　　Petitioner,<br>　vs.<br><br>JAMES E. TILTON,<br><br>　　　　　　　　　Respondent. | CASE NO. 07cv2232-LAB<br><br>**ORDER DENYING REQUEST FOR LEAVE TO RENEW A MOTION FOR RELIEF FROM JUDGMENT OR ORDER** |

　　　Clarke Sheldon Lowe was convicted in San Diego County Superior Court of several charges including rape, kidnapping, and indecent exposure. He was sentenced to a determinate term of eight years and an indeterminate term of 25 years to life. The California Court of Appeal affirmed the conviction. The Supreme Court of California denied review. Since then, Lowe has collaterally attacked the judgment both in state and federal court on several occasions. Each time the petition was denied as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations based on the three month delay between the denial of Lowe's habeas corpus petition in San Diego County Superior Court and the filing of his habeas petition in the California Court of Appeal.

　　　Lowe argues that his petition was untimely because his attorney, John Lanahan, was unaware that the AEDPA statute of limitations was tolled for only 60-days after the trial court's denial of habeas relief, causing him to miss a filing deadline. Lowe filed a complaint against Lanahan with the Arbitration Committee of the San Diego County Bar Association

alleging professional negligence. The Arbitration Committee found in Lowe's favor without deciding his professional negligence claim. Lowe claims that the arbitration proceeding uncovered a March 2007 e-mail between his mother and Lanahan. The e-mail suggests that Lanahan was unaware of the filing deadline. Based on the e-mail, Lowe renews his previous request for Leave to Renew a Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

**I.     Discussion**

AEDPA gives a state prisoner whose conviction has become final one year to seek federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A). But, the one year limitations period is subject to equitable tolling for the "time during which a properly filed application for State . . . collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).[1] In addition, a petitioner may be entitled to equitable tolling if he can show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 648 (2010).

Lowe hasn't acted with reasonable diligence. Lowe was aware that his attorney had missed the deadline by, at the latest, July of 2012, but did not bring this motion until August of 2015. And the e-mail underlying this motion is from March 2007. There's no reason why Lowe couldn't retrieve it from his mother and submit it to the Court years before he did. While it's unlikely, even if Lowe could credibly claim that the e-mail between his mother and Lanahan wasn't available until he filed a complaint with the Arbitration Committee, Lowe offers no explanation for waiting until August 2014 to do so.

Lowe also hasn't shown "extraordinary circumstances." "A garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. 651–52. That a petitioner's attorney failed to file a habeas petition on time and was "unaware of the date on which the

---

[1] Tolling is also available for the intervening period between state habeas petitions but only when the petitioner files the later state habeas petition "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 198 (2006). A reasonable time to file an appeal from the denial of a habeas petition is 30 to 60 days. *Id.* at 192–93.

limitations period expired"—as Lanahan's e-mail exchange indicates here—"might suggest simple negligence," but doesn't rise to the level of extraordinary circumstances envisioned in *Holland*. *Cf. id.* at 652. In that case, the petitioner wrote his attorney numerous letters seeking crucial information and repeatedly emphasizing the importance of filing a timely petition, and he even identified the applicable legal rules. *Id.* at 652–53. In this case, however, Lowe's mother sent only one e-mail plausibly bearing on the subject, and she sent it after Lanahan had already missed the statute of limitations deadline.

### III. Conclusion

For the reasons set forth above, this Court **DENIES** Petitioner's request.

**IT IS SO ORDERED**.

DATED:  November 18, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge